UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORVON L. JONES,

        Plaintiff,

        v.                                        Case No. 23-C-989

ANTHONY J. BOYACK, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Corvon L. Jones, who is currently serving a state prison sentence at the Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $20.59. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

On February 2, 2021, Defendant Police Officers Anthony Boyack, Chad Milone, Evan Ruth, and Robert Sneed allegedly followed a stolen truck driven by a third-party for several blocks. Dkt. No. 1 at 2-3. According to Plaintiff, the driver of the truck was "desperately trying to get away from the four defendants," who allegedly "never lit up" their sirens or attempted to initiate a traffic stop. *Id*. at 3. Plaintiff states, "my assumption [is that] the defendants were following the stolen vehicle illegally until they were able to gain some type of tactical advantage." *Id.*

At the intersection of North Teutonia Ave. and W. Capitol Dr., the driver of the stolen truck crashed into Plaintiff's car, totaling Plaintiff's vehicle. *Id*. at 2-3. After the crash, the three individuals inside the stolen truck "took off on foot . . . desperately trying to avoid police contact." *Id*. at 3. Plaintiff states that Defendants had no justification to follow the stolen truck for several blocks without pulling it over "other than the fact it was stolen." *Id*.

Plaintiff rejected medical care following the crash. *Id*. Plaintiff states that he has PTSD and severe anxiety from being beaten by police in the past. *Id*. He states that he didn't report Defendants' "wrong doings" because he gave them his address at the scene of the crash, and he believed he would be stalked, harassed, beaten, or even killed if he went to the hospital or reported anything. *Id*. He states that he has been experiencing "extreme excruciating neck and pelvis area back pain as well as spasms in [his] back" from the car crash. *Id*. For relief, Plaintiff seeks monetary damages and Defendants' termination. *Id*. at 4.

# THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff alleges that Defendants violated his "federally protected 4th Amendment right to be secure inside his person" because they allegedly caused the driver of a stolen truck to crash into his car at an intersection. Dkt. No. 1 at 1. The Fourth Amendment provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. In other words, Plaintiff has a right to be "secure" in his person, but it is security from "unreasonable searches and seizures." *Id*. Here, Defendants neither searched nor seized him, so he has no Fourth Amendment claim. Plaintiff alleges that Defendants were "illegally" following a stolen vehicle, but even if that were true, Plaintiff does not have standing to assert a claim on behalf of someone else. *See Lewis v. Casey*, 518 U.S. 343, 349-50 (1996); *Massey v. Helman*, 196 F.3d 727, 739-40 (7th Cir. 1999).

The Court notes that Plaintiff also would not have a substantive due process claim under the Fourteenth Amendment. *See Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827-28 (7th Cir. 2009). Under certain limited circumstances, the due process clause of the Fourteenth Amendment imposes upon state actors the duty to protect its citizens. *Id.* (citing *King v. East St. Louis Sch. Dist.*, 496 F.3d 812, 817-18 (7th Cir. 2007)). To state a claim, Plaintiff must allege that

the State by its affirmative acts created or increased a danger faced by an individual; and the State's failure to protect that individual from such a danger was the proximate cause of the injury to the individual. *Id.* "Because the right to protection against state-created dangers is derived from the substantive component of the due process clause, the State's failure to protect the individual *must shock the conscience*." *Id*. (emphasis added). Here, Defendants' decision to discretely follow a stolen vehicle for several blocks without pulling it over comes nowhere close to shocking the conscience. *See, e.g.*, *Estate of Allen v. City of Rockford*, 349 F.3d 1015, 1022 (7th Cir. 2003) (noting that the scenarios where the Seventh Circuit has applied the "state-created danger" exception "are rare and often egregious"). Had Defendants engaged in an unnecessary high-speed chase at a busy intersection in the city, the analysis may be different. But this case, at bottom, is one in which a third-party drove recklessly at an intersection to avoid possible police contact, injuring Plaintiff in the process. Plaintiff may have state law claims against that third-party for any injuries they caused him, but Plaintiff does not have any constitutional claims against Defendants. Therefore, the Court will dismiss this case for failure to state a claim. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (noting that the Court need not provide an opportunity to amend when amendment would be futile).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the **$329.41** balance of the filing fee by collecting monthly

payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this 11th day of December, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.